UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:04-48 |
| | § | CIVIL NO. 6:16-52 |
| FRANK TRINIDAD, | § | |
|   Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Frank Trinidad has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (D.E. 66, 67). Pending before the Court is the United States of America's (the "Government") Motion for Summary Judgment (D.E. 73), to which Movant has not responded.

**I. Background**

In November 2004, Movant pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). The firearms and ammunition involved in the offense were discovered when sheriff's deputies, who suspected Movant in a string of residential burglaries in Bee County, Texas, in March and April of 2004, executed a search warrant at Movant's residence.

The Presentence Investigation Report (PSR) assigned Movant a base offense level of 24. His offense level was increased by a total of eight levels because the firearm was stolen, Movant used the firearm in connection with another felony (burglary of a habitation), and the offense involved four firearms, for an adjusted offense level of 32. However, based on Movant's three prior convictions for violent felonies (all burglary of a habitation with intent to commit theft),[1] his offense level became 34 under the Armed Career Criminal Act. His criminal history points totaled

---

    1. At the time of sentencing, Movant had a total of five prior convictions for burglary of a habitation with intent to commit theft in the State of Texas. PSR ¶¶ 28–32.

1

18, establishing a criminal history category of VI. After credit for acceptance of responsibility, Movant's advisory guideline range was 188–235 months' imprisonment, with a mandatory minimum sentence of 15 years.

Under the terms of the plea agreement, Movant consented to a sentence at the highest end of the applicable guideline range. In return, the Bee County District Attorney agreed that he would not prosecute Movant for the burglaries occurring in Bee County in March and April of 2004 and/or that were part of the same course of conduct as Movant's federal offense. Accordingly, the Court sentenced Movant to 235 months, to be followed by 5 years' supervised release.

Movant did not appeal his conviction or sentence. He did, however, file a timely § 2255 motion, which the Court denied by Memorandum Opinion & Order and Final Judgment entered August 6, 2008. D.E. 30, 58, 61. Movant thereafter received permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion asserting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). D.E. 65. On August 22, 2016, Movant filed his successive motion under § 2255 and memorandum in support.

**II. Legal Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on

collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

**III. Movant's Allegations**

Movant's § 2255 motion raises a single claim: In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence enhancement based on three prior convictions for burglary was unconstitutional because burglary does not have as an element the use, attempted use, or threatened use of physical force against the person of another.

**IV. Analysis**

Movant was sentenced under the Armed Career Criminal Act (ACCA), which provides that a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015). However, the Court further stated that its holding did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*

Burglary is an enumerated "violent felony" under the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii). Still, in determining whether Movant's convictions for burglary of a habitation with intent to commit theft constitute "burglary" for purposes of the ACCA, the Court must compare the elements

of Movant's offenses to the "generic, contemporary meaning" of the crime of burglary. *See Taylor v. United States*, 495 U.S. 575, 598 (1990). The Supreme Court has concluded that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of *unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime*." *Id.* at 599 (emphasis added).

Under the Texas burglary statute:

A person commits an offense if, without the effective consent of the owner, the person:

> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

TEX. PENAL CODE § 30.02(a).

The Fifth Circuit has held that a conviction under § 30.02(a)(1) constitutes the generic offense of "burglary," while a conviction under the alternative element set forth in § 30.02(a)(3) does not, because § 30.02(a)(3) does not require that the defendant intend to commit a crime. *See United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014); *United States v. Constante*, 544 F.3d 584, 584 (5th Cir. 2008); *United States v. Garcia–Mendez*, 420 F.3d 454, 456–57 (5th Cir. 2005). Under the modified categorical approach, the Court may "consult *Shepard* documents to determine which of the three alternatives of Texas Penal Code § 30.02(a) forms the basis of [Movant's] conviction[s]". *Conde-Castaneda*, 753 F.3d at 176.

Movant was subject to enhancement under the ACCA based on his three prior convictions for burglary of a habitation with intent to commit theft in Bexar County, Texas. The indictment in each case charges that, on or about the relevant date, Movant "did then and there intentionally and knowingly enter a habitation WITH THE INTENT TO COMMIT THEFT without the effective

4

consent of [] the owner of said habitation." 6:16-cv-52, D.E. 4 (1986CR2505B); D.E. 5 (1990CR3015); D.E. 7 (1990CR4221). The judgment in each case reflects that Movant was convicted of the charge in the indictment. *Id.* Although the indictments do not cite a particular statutory subsection, the language in each indictment tracks the language of § 30.02(a)(1), which constitutes the generic offense of "burglary."

In sum, all three of Movant's prior convictions constitute the enumerated "violent felony" of "burglary." Because Movant's sentence was not enhanced under the residual clause, he remains subject to the ACCA following *Johnson*.

**V. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

**VI. Conclusion**

For the foregoing reasons, the Government's motion for summary judgment (D.E. 73) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 66) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 11th day of April, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE